OPINION
{¶ 1} Plaintiff-appellant Theresa Welly ("Welly") brings this appeal from the judgment of the Court of Common Pleas of Seneca County, Domestic Relations Division.
 {¶ 2} Welly and defendant-appellee Mark Hartsel ("Hartsel") were married on March 10, 1989. Three children were born to the couple: Lindsay Hartsel, D.O.B. 1/21/1987, Lucas Hartsel, D.O.B. 3/21/1989, and Lauren Hartsel, D.O.B. 11/22/1992. On December 28, 1995, Welly filed a complaint for divorce. The divorce was granted on March 19, 1996, and Welly was granted custody of the children. On March 5, 1998, Hartsel filed a motion for an emergency reallocation of parental rights and responsibilities. This motion was based upon the fact that Hartsel and Welly continued to live together after the divorce and Welly had moved out of the home and taken the children. The matter was resolved by consent judgment entry on July 27, 1999. The consent judgment entry provided that Welly would remain the residential parent and Hartsel would have visitation rights. Hartsel was ordered to provide insurance coverage for the children. Subsequent orders were entered requiring both parties to provide insurance coverage for the children.
 {¶ 3} On October 10, 2003, Hartsel filed a motion for a change of custody. A hearing was held on the motion on March 8, 2004, and both sides presented evidence. On April 8, 2003, the magistrate entered judgment in favor of Hartsel and reallocated the parental rights. In the decision, the magistrate referred to Welly as being in "contempt of court" several times. However, no pending motion for contempt was present and no sanctions were imposed for this alleged contempt. Welly filed objections to the magistrate's decision on May 5, 2004. On October 6, 2005, the trial court overruled the objections and adopted the magistrate's decision. Welly appeals from this judgment and raises the following assignment of error.
The trial court erred when it found [Welly] in contempt.
 {¶ 4} The sole assignment of error claims that the trial court erred when it found Welly to be in contempt of court. Although the magistrate used the words "contempt of court," no legal finding of civil contempt was made and the magistrate lacks authority to make such a finding. No motion for civil contempt was pending, no opportunity to purge was present, and no penalty was imposed for the alleged contempt. Additionally, the trial court's entry does not find Welly to be in contempt of court and does not impose any penalty for being in contempt. Thus no judgment of contempt has been made by the trial court from which an appeal lies. The only consequence of the final judgment entered is that parental rights were reallocated. No appeal was taken from that judgment.
 {¶ 5} Welly argues that the trial court is penalizing her for contempt by requiring her to pay the costs. However, Civil Rule 54(D) provides that costs may be awarded to the prevailing party. Here, Hartsel filed the motion for reallocation of parental rights. He prevailed on his motion. Thus, the trial court did not abuse its discretion in assessing the costs of the action to Welly as the losing party. For these reasons, the assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Seneca County, Domestic Relations Division is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.